UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

          Plaintiff,

v.

DEONTA MATTHEWS,

          Defendant.

NO. 14-cr-20655

HON. MARIANNE O. BATTANI
United States District Judge

---

# GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

---

The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and A. Tare Wigod, Assistant United States Attorney for the Eastern District of Michigan, hereby responds to defendant's motion to suppress evidence as follows:

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 1

**BRIEF**

I.   **BACKGROUND**

On July 4, 2014, Trooper Adam Hartford of the Ohio State Highway Patrol was stationary in his police cruiser along Interstate I-75 monitoring traffic. At approximately 8:45 a.m., Tpr. Hartford saw a gray Chrysler Sebring travelling southbound on I-75 that appeared to be speeding. Tpr. Hartford activated his laser radar, which determined the vehicle's speed to be 86 miles per hour, in a posted 55 mile per hour zone. Tpr. Hartford followed the Chrysler and, after catching up to it, conducted a traffic stop.

Trp. Hartford approached the vehicle on the passenger side and greeted the three occupants. He asked the driver, Lequale Brown, for her license, registration, and proof of insurance. Ms. Brown stated that she had a permit, but that her brother, Deonta Matthews, one of the rear passengers, had a valid license. While speaking to Ms. Brown, Tpr. Hartford smelled a strong odor of raw marijuana coming from inside the car. Tpr. Hartford asked the occupants why the car smelled like marijuana, and none of them knew; however, Ms. Brown stated that her boyfriend uses her car and smokes "weed." At that time, Tpr. Harford requested a

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 2

second cruise to come to the scene to conduct a probable cause search of the vehicle.

Once the second cruise arrived, the three occupants of the vehicle were removed from the car. After securing the occupants, the troopers conducted a search of the vehicle. During the search, troopers located a .40 caliber semi-automatic Smith and Wesson pistol, with a full magazine and a bullet chambered, in the truck compartment. The troopers located the firearm while looking through the armrest opening in the rear passenger compartment. The firearm was on top of the luggage in the trunk, within arm's reach of the rear passengers. Also during the search, the troopers located a baggie of marijuana in the trunk compartment.

After locating the firearm and marijuana, all three occupants were detained and taken to the Ohio State Highway Patrol post for further investigation.

## II. ARGUMENT

This Court should deny defendant's motion to suppress evidence. The officers conducted a valid probable cause search of the Chryler Sebring based on the odor of marijuana. As such, this court should deny defendant's motion.

Generally, warrantless searches are per se unreasonable under the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 357 (1967); *Coolidge v. New*

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 3

*Hampshire*, 403 U.S. 443, 453-54 (1971). However, there is a well-recognized exception to this general rule: under the automobile exception, a warrantless search of a vehicle which has been lawfully stopped is permissible if the search is based on probable cause. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *United States v. Crotinger*, 928 F.2d 203, 205 (6th Cir.1991).

Probable cause to search a vehicle is established if, under the "totality of the circumstances" there is a "fair probability" that the car contains contraband or evidence. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Moreover, it is firmly established in the Sixth Circuit that a marijuana odor emanating from a vehicle supplies probable cause to law enforcement officers to search the entire vehicle— even the trunk—and any containers within that vehicle which could be hiding marijuana. *United States v. $118,170.00 in U.S. Currency*, 69 Fed. Appx. 714, 716 (6th Cir.2003) ("The smell of marijuana *alone* constitutes probable cause to believe that drugs are in the vehicle and will justify searching without a warrant.") (emphasis added); *United States v. Jackson*, 63 Fed. Appx. 839, 842 (6th Cir.2003) ("We conclude that during a reasonable stop of the car, the two police officers smelled marijuana coming from the car's interior, and that this discovery provided probable cause to search the automobile."); cert. denied, 540 U.S. 910, 124 S.Ct.

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 4

297, 157 L.Ed.2d 200 and 540 U.S. 916, 124 S.Ct. 304, 157 L.Ed.2d 209 (2003); *United States v. Littelton*, 15 F.App'x 189, 193 (6th Cir.2001) ("As a matter of law, the district court correctly concluded that the odor of marijuana can constitute probable cause for a warrantless search [of a vehicle]"); *United States v. Carrera*, 966 F.2d 1454 (Table), 1992 WL 116006, *2 (6th Cir.1992) ("The smell of marijuana emanating from [the] vehicle gave the officer probable cause to search the vehicle, including the trunk."); *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir.1993) ("we find that Agent Perman's smelling the marijuana [in the truck] then constituted probable cause to believe there was marijuana in the vehicle.")

Moreover, it is well established that if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of that vehicle, including the trunk and any containers found within it. *Ross*, 456 U.S. at 825; see also, *United States v. Burns*, 298 F.3d 523, 542 (6th Cir.2002) ("An officer may conduct a warrantless search of every part of a legitimately stopped vehicle, including the trunk and all containers, if there is probable cause to believe that the vehicle contains contraband."), cert. denied, 538 U.S. 953, 123 S.Ct. 1643, 155 L.Ed.2d 500 (2003); *Crotinger*, 928 F.2d at 205 (holding that where officers had probable cause to believe vehicle contained contraband, officers could search

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 5

entire vehicle, including trunk, and any containers therein which could conceal the contraband); *United States v. Borne*, 2005 WL 2290273, *13 (E.D.Tenn.) (same).

In the instant case, while speaking to the occupants of the vehicle, Trooper Hartford smelled a strong odor of raw marijuana emanating from inside the car. This odor of marijuana provided Trooper Hartford probable cause to search the vehicle, including the trunk. Consequently, the search of the Sebring was valid, and the .40 caliber semi-automatic Smith and Wesson pistol found as a result of that search should not be suppressed.

Defendant argues that the recent decision of the United States Supreme Court in *Riley v. California*, 134 S. Ct. 2473, 189 L.Ed.2d 430 (2014), compels suppression of the evidence. However, the searches of the cell phones in *Riley* were justified based on the search incident to arrest exception to the warrant requirement. "The two cases before us concern the reasonableness of a warrantless search incident to a lawful arrest." *Id.* at 2482. Conversely, in the instant case, the government does not justify the search of the vehicle as a search incident to arrest; rather, the search was conducted pursuant to the automobile exception to the warrant requirement. As such *Riley* is wholly inapplicable to the facts of the present case.

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 6

## III. <u>CONCLUSION</u>

In conclusion, the government requests that the court deny defendant's motion.

                                        Respectfully submitted,

                                        BARBARA L. McQUADE
                                        United States Attorney

Dated: <u>January 20, 2015</u>        <u>s/ A. TARE WIGOD</u>
                                        Assistant United States Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, Michigan 48226
                                        Phone: (313) 226-9191
                                        tare.wigod@usdoj.gov
                                        P58479

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 7

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2015, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    John M. McManus, Attorney for Defendant

I further certify that an employee of the United States Attorney's Office mailed, by United States Postal Service, the foregoing document to the following non-ECF participants:

    None.

    s/ A. TARE WIGOD
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9191
tare.wigod@usdoj.gov
P58479

*United States v. Matthews* – 14-cr-20655
Government's Response to Defendant's Motion to Suppress
Page 8